UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROGELIO CRUZ, JR., | |
| Plaintiff, | 25-CV-9951 (JPO) |
| -against- | ORDER OF SERVICE |
| AMERICAN EXPRESS NATIONAL BANK, | |
| Defendant. | |

J. PAUL OETKEN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.; 42 U.S.C. § 1981; and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. He also asserts common law claims of breach of contract and breach of good faith. In his complaint, Plaintiff alleges that Defendant American Express National Bank discriminated against him on the basis of disability by refusing to accept his application to Defendant's Financial Hardship Relief Program via email, which Plaintiff alleges would be a reasonable accommodation for his disabilities. He further alleges that Defendant subsequently engaged in a pattern of harassment by calling him about five times per day over an unspecified period. By order dated December 19, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant American Express National Bank through the U.S. Marshals Service, the Clerk of Court is instructed to fill out two U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for Defendant: one for Defendant's purported address in Manhattan that Plaintiff provided, and another for Defendant's address in Utah. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is also instructed to issue a summons for Defendant American Express National Bank, complete two separate USM-285 forms with the two different addresses

---

summons issue. The Court therefore extends the time to serve until 90 days after the date any summons issued.

3

provided for this Defendant, and deliver all documents necessary to effect service at both

addresses to the U.S. Marshals Service.

SO ORDERED.

Dated:   December 29, 2025
         New York, New York

_____

J. PAUL OETKEN
United States District Judge

3

**SERVICE ADDRESSES FOR DEFENDANT**

1.  American Express National Bank
    200 Vesey Street
    New York, NY 10285

2.  American Express National Bank
    115 West Towne Ridge Parkway
    Sandy, UT 84070