UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/2026

ROGELIO CRUZ JR.,

                Plaintiff,

        -v-

AMERICAN EXPRESS NATIONAL BANK,

                Defendant.

**ORDER**

25-CV-9951 (JPO) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On December 19, 2025, Plaintiff filed a "notice" seeking, among other things, electronic service and CM/ECF access. ECF No. 7 (the "Original Notice"). On December 30, 2025, the Court entered an order (the "Dec. 30 Order") stating that if Plaintiff sought to receive electronic service and to participate in electronic case filing, he must complete and file the "Consent to Electronic Service" and "Motion for Permission for Electronic Case Filing" forms (collectively, the "Forms"). *See* ECF No. 11. Instead of complying with the Dec. 30 Order, Plaintiff filed four additional motions and notices at ECF Nos. 12–15 (the "Additional Filings"), requesting essentially the same relief that he sought in the Original Notice.

To the extent that Plaintiff's Additional Filings constitute a motion for reconsideration of the Dec. 30 Order under Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, that motion is **DENIED**. Reconsideration is an "extraordinary remedy." *Anwar v. Fairfield Greenwich Ltd.*, 950 F. Supp. 2d 633, 637 (S.D.N.Y. 2013) (quoting *In re*

1

*Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citations omitted).  Plaintiff has failed to demonstrate that any of these grounds apply.

Additionally, Rule 5(d)(3)(B)(i) of the Federal Rules of Civil Procedure provides that, "[a] person not represented by an attorney . . . may file electronically *only if allowed by court order or by local rule.*" (emphasis added).  Moreover, "use of the ECF system by a *pro se* litigant is a privilege, not a right." *Shukla v. Apple Inc.*, No. 21-CV-3287 (JMF), 2021 WL 5281371, at *3 (S.D.N.Y. Nov. 12, 2021).  The fact that another court operating under different rules allowed Plaintiff to use its ECF system has no bearing on whether this Court should do the same.  Therefore, the motions at ECF Nos. 12, 13 and 15 are **DENIED**.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 12, 13, and 15, and to mail a copy of this order to the *pro se* litigant.

**SO ORDERED.**

Dated: January 9, 2026
     New York, New York

Henry J. Ricardo
United States Magistrate Judge

2