UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/12/2026

ROGELIO CRUZ JR.,

                Plaintiff,

          -v-

AMERICAN EXPRESS NATIONAL BANK,

                Defendant.

**ORDER**

25-CV-9951 (JPO) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court is in receipt of a letter motion, ECF No. 24 (the "Letter Motion"), filed by plaintiff Rogelio Cruz Jr. ("Plaintiff"), seeking recusal and disqualification of the undersigned from this matter. For the reasons described below, the Letter Motion is **DENIED**.

## I.    BACKGROUND

On February 3, 2026, Plaintiff filed a motion to stay this proceeding for 90 days, ECF No. 22, which the undersigned denied by order dated February 4, 2026, ECF No. 23 (the "Order"). That same day, Plaintiff filed the Letter Motion seeking recusal and disqualification. Letter Motion at 1. Plaintiff argues that the undersigned's conduct "is indistinguishable from the tortious conduct alleged against the Defendant" and that "[t]o allow [the undersigned] to continue is to allow the 'Mirror' to sit in judgment of the 'Image.'" *Id.*

## II.    ANALYSIS

Plaintiff fails to demonstrate that recusal is appropriate under 28 U.S.C. §§

1

144 or 455.  Under both statutes, the test for recusal is "whether an objective, informed observer could reasonably question[] the judge's impartiality, regardless of whether []he is actually partial or biased." *Thorpe v. Zimmer, Inc.*, 590 F. Supp. 2d 492, 498 (S.D.N.Y. 2008) (quotations and citations omitted).  Specifically, 28 U.S.C. § 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . .
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard . . . . .

However, Plaintiff provides no affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." *Id.*  The only affidavit filed in connection with the Letter Motion is Plaintiff's "Affidavit of Existence."  ECF No. 25.  While this affidavit describes various obstacles that Plaintiff has faced and overcome, it does not make the showing required by Section 144.

Under 28 U.S.C. § 455(a), a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned."  A magistrate judge shall also disqualify himself:

> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts . . .;
> (2)  Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness . . .;
> (3)  Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits . . .;

2

(4)    He knows that he . . . or [his relative], has a[n] . . . interest that could be substantially affected by the outcome of the proceeding;

(5)    He or [his relative] . . .:
    (i)    Is a party to the proceeding, or an officer, director, or trustee of a party;
    (ii)    Is acting as a lawyer in the proceeding;
    (iii)    Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
    (iv)    Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b). While the Letter Motion cites this statute, it does not demonstrate that any of the circumstances described in Section 455 are present here.

In substance, Plaintiff contends that by issuing the Order, which denied Plaintiff's motion to stay the case for 90 days, the undersigned "engaged in the exact same conduct" as the defendant. Letter Motion at 1–2. Using Plaintiff's more poetic words: "[b]oth agents see the paper but refuse to see the hardship. Both prioritize the 'Institutional Rhythm' over the 'Biological Reality' of a disabled veteran." *Id.* at 1.

While Plaintiff's argument is creative, he identifies no basis for recusal other than his disagreement with the Order. By Plaintiff's logic, any judge who fails to grant Plaintiff whatever relief he seeks, even as to purely procedural matters that are unlikely to affect him adversely (as explained below), is effectively in league with the defendant (or, as Plaintiff puts it, is a "Co-Defendant by Conduct") and "cannot be impartial." Letter Motion at 2. That is not, and cannot be, a proper basis for recusal.

Finally, Plaintiff overstates the practical impact of the Order. Plaintiff

3

contends that it would be a hardship to amend his complaint by February 10 in accordance with ECF No. 20. *Id.* at 1. But the Order makes clear that Plaintiff is not required to amend his complaint at all: he can proceed on the basis of his original complaint, which has not been served yet. If Plaintiff proceeds with his original complaint, service will be completed by the U.S. Marshalls, and must be completed by April 7, 2026, 90 days from issuance of the summons, which occurred on January 7, 2026. *See* ECF No. 9 (Order of Service). If Plaintiff amends his complaint, he can request the issuance of a new summons and obtain the assistance of the U.S. Marshalls with service of an amended complaint, but these steps would likely delay the case further. *See* ECF No. 20. Plaintiff can also amend his complaint as a matter of course within 21 days after service under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. Even thereafter, Plaintiff can seek permission to amend his complaint under Rule 15(a)(2).

The reality is that, even without the requested stay, there is unlikely to be significant progress in the case over the next 90 days, and nothing in the Order prevents Plaintiff from seeking adjournment of any specific deadline at a later time. What the undersigned refused to do was to put the case entirely on ice for 90 days, delaying the case further, before the defendant is even served. It would be more efficient for the defendant to be served with process, and thus be brought before the Court, first, with any amendment to the complaint or adjournment due to Plaintiff's other obligations addressed thereafter.

4

## III.    CONCLUSION

For the foregoing reasons, the Letter Motion is **DENIED**.  The Clerk of Court is respectfully directed to terminate the Letter Motion at ECF No. 24 and to mail a copy of this order to the *pro se* litigant.


**SO ORDERED.**

Dated: February 12, 2026
         New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge