UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROGELIO CRUZ JR.,
Plaintiff,

-v-

AMERICAN EXPRESS NATIONAL BANK,
Defendant.

25-CV-9951 (JPO)

MEMORANDUM & ORDER

J. PAUL OETKEN, District Judge:

On November 25, 2025, Plaintiff Rogelio Cruz Jr., proceeding *pro se*, brought this civil rights action against Defendant American Express National Bank ("American Express" or "Amex"), alleging that Amex's refusal to allow him to enroll in a financial relief program via email violates the Americans with Disabilities Act. (*See* ECF No. 1.) On December 29, 2025, this case was referred to Magistrate Judge Henry J. Ricardo for general pretrial and nondispositive motions. (ECF No. 10.) On April 20, 2026, Amex moved to dismiss Cruz's complaint. (ECF No. 64.) On August 23, 2026, while Amex's motion to dismiss was still pending, Cruz moved for partial summary judgment against Amex. (ECF No. 88.) In the same motion, Cruz also asserted that Amex committed perjury and should be held in contempt for having mailed copies of its motion papers to Cruz after the court's service order directed Amex to email them. (*Id.* at 2-3, 5-6.)

On August 28, 2026, Magistrate Judge Henry J. Ricardo issued an order denying Cruz's motion for partial summary judgment without prejudice on the grounds that the motion was premature, given the pending motion to dismiss (ECF No. 64) and that discovery has yet to begin, and that the filing failed to comply with the local rules of this Court. (ECF No. 89 ("the Order").) The Order also denied Cruz's contempt and perjury claims as frivolous because Amex

had emailed its motion papers to Cruz *in addition* to mailing them and the court's service order did not prohibit additional service by FedEx. (ECF No. 89 at 1-2.)[1] The Order further denied Plaintiff's additional requests for relief (*see* ECF No. 88 at 8), which had been addressed in prior orders by the court (ECF No. 89 at 2).

Cruz filed objections to the Order under Rule 72, alleging that it was erroneous and contrary to law. (ECF No. 90.) He also sought an "emergency declaration of terminus"—that is, reconsideration of the Order. (ECF No. 91.) American Express opposed these objections (ECF No. 92), and Cruz filed a sur-reply in support of his objections (ECF No. 94). The Court has reviewed the Order and Cruz's objections to it.

This Court may set aside a magistrate judge's order regarding nondispositive issues only if the order is contrary to law or clearly erroneous. 28 U.S.C. § 636(b)(1)(B); Fed R. Civ. P. 72(a). Such an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403 (S.D.N.Y. 2020) (quotation marks omitted). This is a "highly deferential standard" that affords magistrate judges "broad discretion in resolving nondispositive disputes." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (quotation marks omitted).

---

[1] Later, Judge Ricardo entered an order granting in part Plaintiff's motion to compel and instructing Amex to serve Cruz exclusively by email. (ECF No. 96 at 1.)

Cruz first objects to Judge Ricardo's conclusion that his motion for partial summary judgment is premature. (ECF No. 90 at 2.)[2] According to Cruz, Rule 56(b) of the Federal Rules of Civil Procedure permits summary judgment "at any time." (*Id.*) And as a result, "[a] pending motion to dismiss does not bar partial summary judgment." (*Id.*) But it is well established that "[w]hen a party has not had <u>any</u> opportunity for discovery, summary judgment is generally premature." *Elliot v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023). Here, American Express's motion to dismiss is still pending (*see* ECF No. 64) and discovery has not begun (*see* ECF No. 92 at 11). Judge Ricardo's Order thus properly disposed of Cruz's motion for partial summary judgment given the case's procedural posture.

Cruz also objects that Judge Ricardo should not have denied him summary judgment simply because his motion did not comply with Local Rule 56.1(a). Again, the Court disagrees. Local Rule 56.1(a) requires that the movant provide "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." The Rule was "adopted to aid the courts in deciding summary judgment motions by quickly identifying disputed facts." *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009). And as the Rule itself provides, "[f]ailure to submit such a statement may constitute grounds for denial of the motion." *See* Local Rule 56.1(a). So Judge Ricardo did not err, let alone clearly err, when he denied Cruz's motion without prejudice on those grounds here.

The remaining aspects of Judge Ricardo's Order are neither clearly erroneous nor contrary to law. As Judge Ricardo observed, it was not a violation of the service order in this

[2] While Cruz objects to Judge Ricardo's failure to resolve his outstanding motion at ECF No. 13 (*see* ECF No. 90 at 2-3), this complaint does not constitute an objection to the Order at issue here.

case for American Express to serve paper filings in addition to the email service required by the order. (*See* ECF No. 70 at 2; ECF No. 89 at 2.) Regardless, Judge Ricardo has since granted Cruz that relief by ordering American Express to serve Cruz exclusively by email. (ECF No. 96 at 1.) Cruz also does not contest Judge Ricardo's determination that his claims of contempt and perjury were frivolous in his Rule 72 objections. (*See generally* ECF No. 90.)

Plaintiff's Rule 72 objections to Judge Ricardo's August 28, 2026 Order are therefore OVERRULED, and the Order is affirmed.

SO ORDERED.

Dated: October 20, 2026
New York, New York

J. PAUL OETKEN
United States District Judge