UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGELIO CRUZ JR., Plaintiff, -v- AMERICAN EXPRESS NATIONAL BANK, Defendant. | 25-CV-9951 (JPO) ORDER |

J. PAUL OETKEN, District Judge:

Plaintiff Rogelio Cruz, Jr., moves for reconsideration[1] of this Court's opinion and order dismissing his case (ECF No. 106), as well as Judge Ricardo's opinion and order denying his motion for summary judgment (ECF No. 111). (*See generally* ECF No. 117.) He also appears to move for reconsideration of Judge Ricardo's orders denying his requests at ECF Nos. 13, 72, and 99. (*See* ECF Nos. 17, 73, 101; *see also* ECF No. 117 at 6.)

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (cleaned up). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013) (citation omitted); *see also Cioce v.*

[1] Cruz styles his motion as a "motion to vacate the judgment, compel compliance, and sanction the court's administrative abdication." (ECF No. 117 at 1.) The Court construes his motion liberally, as is required for *pro se* submissions, as seeking reconsideration. *See In re Orthogen Int'l GmbH*, No. 23-MC-152, 2025 WL 1265878, at *1 n.1 (S.D.N.Y. Apr. 30, 2025), *aff'd*, No. 25-1253, 2026 WL 891579 (2d Cir. Apr. 1, 2026), *cert. denied sub nom. Schottenstein v. Orthogen Int'l GmbH*, No. 26-17, 2026 WL 2976661 (U.S. Oct. 5, 2026).

*County of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Having reviewed the record and Cruz's submission at ECF No. 117, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record. Cruz merely reargues previous issues that the Court already addressed in its orders at ECF Nos. 106, 111, 17, 73, and 101. To the extent Cruz's motion raises arguments not covered in these orders, they misunderstand the Court's opinion and order at ECF No. 106 (which did not address his submission at ECF No. 105) and seek relief the Court has already granted (*see* ECF No. 96). The Court also denies Cruz's additional requests to "sanction the court's administrative units," *see Cano v. SEIU. Loc. 32BJ*, No. 19-CV-8810, 2023 WL 4784231, at *2 (S.D.N.Y. July 27, 2023), and to "order that the case . . . be reassigned to a different judge," *see Scripts Wholesale, Inc. v. Mainspring Distribution LLC*, No. 21-1775, 2022 WL 1553038, at *3 (2d Cir. May 17, 2022). (*See* ECF No. 117 at 6.)

Cruz's motion to reconsider is therefore denied. He is reminded that the Court granted him leave to file an amended complaint until November 19, 2026. (*See* ECF No. 106 at 15.)

The Clerk of the Court is directed to close the motion at docket number 117.

SO ORDERED.

Dated: November 13, 2026
New York, New York

J. PAUL OETKEN
United States District Judge